UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Cephus C. Coleman, III, #312923, | ) | C/A No. 6:10-2147-HFF-BHH |
|---|---|---|
| a/k/a Cephus Clarence Coleman, | ) | |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| vs. | ) | |
| | ) | |
| Colletta Ann Smith Coleman, | ) | |
| | ) | |
| Defendant. | ) | |

Cephus C. Coleman ("Plaintiff"), proceeding *pro se*, brings this civil action seeking return of his inheritance monies from the defendant.[1] Plaintiff is incarcerated in the Trenton Correctional Institution, a part of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] The complaint should be dismissed for lack of subject matter jurisdiction.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e) and (f), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] An initial review of this lawsuit pursuant to 28 U.S.C. § 1915A is not being conducted because that statute does not apply.

1

complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128,

2

1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that he received two cashier's checks payable to him in the amounts of $62,000.00 and $100,000.00 which were his inheritance. On or about February 14, 2010, Plaintiff and the defendant[3] went to the Wachovia Bank on Augusta Road in Greenville, South Carolina. The defendant and her father had allegedly banked at that bank for more than fifteen years, and the defendant had an account there. Plaintiff did not have an account at the bank. Plaintiff alleges that while a bank employee escorted him to the lavatory the defendant convinced a bank employee to deposit the two checks into the defendant's account and the deposit was completed. Upon his return from the lavatory, Sandra, a bank administrator, gave to Plaintiff $7,000.00 on his $62,000.00 check. Plaintiff believed that after the checks had cleared he was supposed to return to the bank to open an account. Allegedly, no bank employees asked for Plaintiff's identification or his signature.

Plaintiff alleges that one week later he realized that his inheritance had been taken

---

[3] Although Plaintiff does not specifically allege it, it appears from the documents submitted by Plaintiff that the defendant may be his wife and that her address is located in Greenville, South Carolina. Plaintiff alleges that his address is that same address in Greenville, South Carolina.

3

from him. Plaintiff called the bank and "adamantly verbalized" his disapproval, and he was arrested and charged with unlawful use of a telephone. Plaintiff alleges that he was incarcerated for at least three weeks until he paid a $2,500.00 fine. By this time, allegedly his inheritance checks had cleared, so he attempted "an amicable approach" to persuade the defendant to return his money to him. Plaintiff did not get his money back, and he was arrested for "CDV" and for "CDV-HAN." Plaintiff alleges that those charges were "bogus and were eventually dropped but served their purpose in tying me up and keeping me at bay."[4] It appears that the defendant has refused to return Plaintiff's money to him, and Plaintiff brings this action to recover his remaining inheritance monies or $155,000.00.

Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

---

[4] Plaintiff's current incarceration within SCDC does not appear to be related to the matters set forth in his complaint.

4

To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997)).  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.*

Generally, a case can originally be filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Although Plaintiff's legal causes of action are unclear, they do not seem to pose any federal question.  Plaintiff does not allege any violation of a federal statute or the United States Constitution.  Thus, this court does not have federal question jurisdiction over this case.  The undersigned gleans from the complaint that Plaintiff may be asserting claims of wrongful conversion of monies, civil conspiracy, or fraud, which are based in state law.  A civil action for Plaintiff's state law claims would be cognizable in this court under the diversity statute if that statute's requirements are satisfied.  *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table].  The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See* 28 U.S.C.

§ 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). In this case, it appears that Plaintiff and the defendant are domiciled in South Carolina and perhaps at the same address. *See Bontkowski v. Smith*, 305 F.3d 757 (7th Cir. 2002) (finding that a prisoner is considered domiciled in the state of which he was a citizen before prison unless the prisoner plans to move when he is released in which event it should be that state). Accordingly, this court has no diversity jurisdiction over this case since complete diversity of parties is absent.[5]

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process for lack of subject matter jurisdiction. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

August 23, 2010
Greenville, South Carolina

---

[5] Plaintiff is not without a judicial remedy. He can bring suit against the defendant in a South Carolina Court of Common Pleas.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).